# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. MCCARTY, et al., | ) 1:06cv1094 AWI DLB |
| | ) |
| Plaintiff, | ) |
| | ) ORDER TRANSFERRING ACTION TO |
| v. | ) UNITED STATES DISTRICT COURT FOR |
| | ) THE MIDDLE DISTRICT OF FLORIDA |
| LADAN GORDON MCCARTY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiffs John L. McCarty, Ana McCarty and Alejandro Agraz ("Plaintiffs"), appearing pro se and in forma pauperis, filed the instant action on August 21, 2006.[1] As Defendants, Plaintiffs name John McCarty's ex-wife, LaDan Gordon McCarty, her attorney, Robert Grguric, the 18th Judicial Circuit Court of Florida, the Honorable Tonya Rainwater, and James Zingle of the Florida Department of Revenue ("Defendants"). Plaintiffs' action arises out of a Final Judgment of Dissolution entered in Florida State Court on April 16, 1999.

## DISCUSSION

A.   Plaintiff's Allegations

According to the complaint, Plaintiff John McCarty ("McCarty") married Defendant LaDan Gordon McCarty ("LaDan") on February 14, 1981, in Fresno, California. For ten years

---

[1] Plaintiff John McCarty and Ana McCarty can properly represent themselves in pro se. Although Plaintiff Alejandro Agraz purports to represent himself, such representation may not be proper as it seems he may be a minor. As this action is being transferred, however, this Court has not issued an order relating to this issue.

1

prior to that, McCarty was disabled and received Social Security payments as well as payments pursuant to a Disability Insurance Policy through MetLife. The parties entered into a prenuptial agreement that if the marriage failed, neither spouse could take the other's disability or Social Security payments.

In November 1998, LaDan, through her attorney, Defendant Grguric, petitioned to dissolve the union in the 18th Judicial Circuit Court of Florida. McCarty contends that he was not served with the faulty petition and discovered the income deduction orders through MetLife and the Social Security Administration ("SSA"). He contends that 100 percent of his disability insurance benefit was taken and LaDan was granted a permanent alimony award of $2,000 per month. McCarty believes that Defendants LaDan and Grguric "scammed" the court into the award and that he never received notice of any hearing relating to the award. He further contends that the Defendant Court was aware of the prenuptial agreement and the lack of jurisdiction over him. McCarty contends that he is a citizen of California and has not had any connection with Florida since 1992.

On November 14, 2002, McCarty appeared telephonically for a hearing and the court issued an order halting the income deduction orders against MetLife and the SSA. McCarty contends that Defendants LaDan and Grgurin forum shopped and had the 18th Judicial Circuit Court reverse the order without a hearing. McCarty lost a subsequent motion for summary judgment and appeal.

McCarty explains that his Plaintiff wife and son are entitled to the SSA payments and MetLife payments and that Defendants wrongfully interfered with Plaintiffs' interests therein.

Plaintiffs assert the following claims based upon the dissolution proceedings in the Florida court: (1) the marriage dissolution alimony statutes under Florida law (Florida Statutes Chap. 61) violate the Thirteenth Amendment ban against involuntary servitude; (2) Defendants committed negligence; (3) Plaintiffs should be relieved from the judgment of the Florida court because it is void; (4) Plaintiffs are entitled to a temporary and/or permanent injunction to stop the income deduction order; and (5) Defendants LaDan and Grguric conspired to commit fraud. Plaintiffs

allege that this Court has jurisdiction based on diversity of citizenship and the existence of a federal question.

Plaintiffs request the following relief: (1) a declaratory judgment that Defendants violated Plaintiffs' Due Process rights under the Fifth and Fourteenth Amendments; (2) a temporary and/or permanent injunction to prohibit enforcement of the income deduction orders; (3) costs and attorneys fees pursuant to 42 U.S.C. §1988; (4) sanctions against Defendant Grguric; and (5) special and general damages.

B.  Venue

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The instant complaint concerns matters of Florida law and the Florida courts.  Moreover, all Defendants are located in Florida.  The action should therefore be transferred to the United States District Court for the Middle District of Florida.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Insofar as Plaintiffs contend that this Court has jurisdiction based on diversity of citizenship, their claim fails.  Where a federal court asserts jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332, the court acquires personal jurisdiction over a non-resident defendant in accordance with the long-arm statute of the state in which it sits. Forsythe v. Overmyer, 576 F.2d 779, 782 (9th Cir. 1978).  For the reasons noted above, the California long-arm statute does not confer jurisdiction over Defendants. Cal.Civ.Code § 410.10.  Therefore, this Court cannot exercise its diversity jurisdiction.

1  Accordingly, the instant action IS HEREBY TRANSFERRED to the United States
2 District Court for the Middle District of Florida.

4  IT IS SO ORDERED.

5  Dated:    **September 12, 2006**                          **/s/ Dennis L. Beck**
   3b142a                                                    UNITED STATES MAGISTRATE JUDGE